# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

|  |  |  |
|---|---|---|
| IVAN A., | : | |
| | : | |
| Petitioner, | : | Civ. No. 20-2796 (KM) |
| | : | |
| v. | : | |
| | : | |
| WILLIAM ANDERSON, *et al*., | : | **OPINION** |
| | : | |
| Respondents. | : | |
| | : | |

---

### KEVIN MCNULTY, U.S.D.J.

## I.    INTRODUCTION

The petitioner, Ivan A.,[1] is an immigration detainee currently held at the Essex County Correctional Facility, in Newark, New Jersey. He previously filed, through counsel, a petition for a writ of habeas corpus under 28 U.S.C. § 2241. (DE 1.) The petition sought a stay of his removal pending a decision from the Board of Immigration Appeal ("BIA") on his motion to reopen his immigration proceedings. On April 13, 2020, I granted Petitioner's request for a stay *pendente lite* until the BIA rendered its decision, and for a period of ten days thereafter to permit an appeal and stay application, if appropriate, to the Court of Appeals. (DE 11.) Respondents appealed this Court's grant of a stay, and the matter remains pending before the Third Circuit. (DE 14; *see Ivan R. v. Warden Essex Cnty. Corr., et al.,* No. 20-2197 (3d Cir. June 18, 2020)).

Now before this Court is Respondents' motion for an indicative ruling, pursuant to Federal Rule of Civil Procedure 62.1 ("Rule 62.1"), that the Court would vacate its April 13, 2020 Order. (DE 16.) In addition and in the alternative, Respondents ask the Court to reconsider its decision

---

[1]    Consistent with guidance regarding privacy concerns in social security and immigration cases by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, Petitioner is identified herein only by his given name and family-name initial.

under Federal Rule of Civil Procedure 54(b) ("Rule 54(b)"). (*Id.*) The motion is based primarily on *Dep't of Homeland Sec. v. Thuraissigiam*, 140 S. Ct. 1959, 207 L. Ed. 2d 427 (2020), a U.S. Supreme Court case decided after I entered my order.

The stay granted by this Court was dictated by practical concerns of judicial administration. The BIA still had not decided the petitioner's appeal, which implicated the permissibility of removal. The BIA had, however, denied a stay of removal, and an appeal to the Court of Appeals was not yet ripe. The stay that I ordered was a limited one, designed solely as a bridge to Court of Appeals review. Where jurisdiction is concerned, however, the Court is not free to select what it regards as the most practical course. As I read *Thuraissigiam,* a district court lacks the power to enter such a stay. For the reasons set forth below, Respondents' motion will be granted.

## II.    BACKGROUND

Petitioner is a native and citizen of Honduras. (DE 2-3 at 3.) He entered the United States without authorization in January 2005, at which time he was immediately apprehended by Immigrations and Customs Enforcement ("ICE") and placed into removal proceedings. (DE 2-3.) An immigration judge ("IJ") ordered Petitioner removed from the country in 2005, but he remained in the United States. (DE 2-4; DE 1 at 11-12.) In January 2020, Petitioner filed a motion with the immigration court to reopen his removal proceedings, together with a motion for a stay of removal. (DE 6-1 at 2.) Although the IJ initially granted Petitioner's request for a stay, the IJ ultimately denied Petitioner's motion to reopen, which had the effect of vacating the stay. (*Id.*) Petitioner appealed the IJ's denial to the BIA and filed a motion for a stay of removal pending the BIA appeal. (DE 2-10; DE 6-3.) The BIA denied the request for a stay, finding that "[a]fter consideration of all information, there is little likelihood that the appeal will be sustained." (DE 6-3 1.) The BIA has not yet adjudicated Petitioner's appeal of the IJ's denial of his motion to reopen.

In March 2020, Petitioner filed a petition for writ of habeas corpus before this Court, as well as a motion for a temporary restraining order ("TRO"). (DE 1; DE 4.) He moved the Court to "[e]njoin Respondents from removing [Petitioner] from the District of New Jersey and from the United States until the Board of Immigration Appeals has adjudicated his appeal of the denial of his motion to reopen." (DE 1 at 23)[2] Petitioner argued that the Suspension Clause provided the Court the jurisdiction to grant such relief. (DE 9 at 16.) Respondents opposed the petition and application for a TRO, arguing that I lacked jurisdiction to enter a stay. The Suspension Clause, Respondents argued, was not implicated where Petitioner sought only a stay of his removal. (DE 6.)

On April 13, 2020, I granted Petitioner's request and entered a stay of removal *pendente lite*. (DE 11.) In my brief Memorandum and Order, I reasoned as follows:

> The very reason that the immigration authorities may act without court intervention—i.e., the reason that the court may permissibly be stripped of habeas jurisdiction—is the existence of an alternative remedy, namely a process of administrative review culminating in review by the Court of Appeals. Here, however, the immigration authorities have acted in such a manner (I do not say with the intention) that the effectiveness of Court of Appeals review is compromised. Under the peculiar circumstances of this case, the Suspension Clause of the U.S. Constitution requires that this Court retain a minimal level of residual habeas jurisdiction.

(*Id.* at 3 (internal quotation marks omitted) (quoting *Sean B. v. McAleenan*, 412 F. Supp. 3d 472, 475 (D.N.J. 2019).) That minimal, residual habeas jurisdiction, I held, permitted me to enter a temporary stay bridging the transition, if necessary, to the Court of Appeals.

---

[2]     More specifically, Petitioner argued that the BIA's stay-adjudication practices violated the Immigration and Nationality Act ("INA"), the Administrative Procedure Act ("APA"), and the Due Process Clause of the Fifth Amendment. (DE 1 at 21–23.) As a result, he asserted that the Court should "intervene" by granting him a stay of removal until his motion before the BIA had been adjudicated. (DE 1 at 3.)

Respondents appealed my order granting a stay to the U.S. Court of Appeals for the Third Circuit. (DE 14.) That appeal effectively transferred jurisdiction over the matter to the Court of Appeals. On August 7, 2020, however, Respondents filed this motion for an indicative ruling vacating the April 13, 2020 Order under Rule 62.1, or for reconsideration of the stay under Rule 54(b). (DE 16.) That application is based on intervening authority: After I entered the stay order, the United States Supreme Court issued its decision in *Dep't of Homeland Sec. v. Thuraissigiam*, 140 S. Ct. 1959, 207 L. Ed. 2d 427 (2020), which held that the Suspension Clause is not implicated in cases where the relief sought is something other than release from custody. (DE 16-1 at 5.) Petitioner opposes the motion. (DE 19.)

## III.    ANALYSIS

Respondents' motion asserts that the Supreme Court's recent decision in *Thuraissigiam* "clearly rejects" Petitioner's prior argument that, under the Suspension Claus, this Court retained jurisdiction to grant him a stay. They seek an indicative ruling under Federal Rule of Civil Procedure 62.1 that the Court would vacate the stay if the matter were remanded by the Third Circuit for that purpose.

### A.    Jurisdiction

First, I address the question of my power to consider Respondents' motion, given that the case is on appeal. Petitioner argues that after a preliminary injunction has been appealed, a district court retains some jurisdiction to modify the injunction, but only to preserve the status quo or "preserve the integrity" of the pending appeal. (DE 19 at 14–15 (quoting *Ortho Pharm. Corp. v. Amgen, Inc.*, 887 F.2d 460, 464 (3d Cir. 1989)).

That is true as far as it goes. Generally, "a notice of appeal divests the District Court of jurisdiction 'over those aspects of the case involved in the appeal,'" and the current appeal is from

4

the stay itself. *Kull v. Kutztown Univ. of Pennsylvania*, 543 F. App'x 244, 248 (3d Cir. 2013) (quoting *Griggs v. Provident Consumer Disc. Co.,* 459 U.S. 56, 58 (1982)). As Respondents point out, however, Federal Rule of Civil Procedure 62.1 ("Rule 62.1") provides a practical workaround. Rule 62.1 authorizes the district court to render an "indicative ruling" where a substantive ruling would be barred by a pending appeal.

Rule 62.1 provides as follows:

> If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
>
> (1) defer considering the motion;
> (2) deny the motion; or
> (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

Fed. R. Civ. P. 62.1(a).

The Rule 62.1 procedure, and particularly that of Rule 62.1(a)(3), "is helpful whenever relief is sought from an order that the court cannot reconsider because the order is the subject of a pending appeal." Fed. R. Civ. P. 62.1 cmt.; *see also Mandalapu v. Temple Univ. Hosp., Inc.*, 796 F. App'x 152, 153 n.2 (3d Cir. 2020) ("Rule 62.1 is a procedural device that permits the District Court to issue an 'indicative' decision on a motion for relief, notwithstanding a pending appeal."). If the district court does make such an indicative ruling that it would grant the movant's motion, the "movant must promptly notify the circuit clerk under Fed. R. App. P. 12.1." Fed. R. Civ. P. 62.1(b). "[I]f the court of appeals remands for that purpose," then jurisdiction is returned to the district court, which may then decide the motion. Fed. R. Civ. P. 62.1(c).

Here, the precise issue on appeal to the Third Circuit is this Court's order granting Petitioner a stay of removal. Respondents do not impermissibly request an immediate vacatur or

modification of this order, as Petitioner suggests. Rather, they invoke Rule 62.1(a)(3) and seek an indicative ruling that this Court *would* vacate the order if the Third Circuit remanded the matter. Under Rule 62.1, I possess the power to issue such an indicative ruling.

**B.    Supreme Court's Decision in *Thuraissigiam***

I turn to the merits of the motion.

Matters of removal are to be considered in the first instance at the administrative level, and that removal decisions are to be appealed directly to the Courts of Appeals. In general, the district courts have been stripped of jurisdiction to consider removal issues. *See, e.g.,* 8 U.S.C. § 1252(g) & (b)(9). As a matter of constitutional law, however, district courts retain their habeas jurisdiction. The Suspension Clause of the U.S. Constitution entails that the habeas jurisdiction cannot be removed unless an alternative remedy is in place. In general, Court of Appeals review has been held to be such an alternative remedy. *See Tazu v. Attorney Gen. United States*, 975 F.3d 292 (3d Cir. 2020).

Respondents assert that the intervening case of *Thuraissigiam* has now established beyond question that neither habeas relief nor the Suspension Clause is involved here. The core holding of *Thuraissigiam,* they say, is that individuals opposing removal from the country may not do *via* a habeas petition. (DE 16-1 at 14.) Rather, the Supreme Court held that habeas has "traditionally been a means to secure *release* from unlawful detention" and to "simply provide a means of contesting the lawfulness of restraint and securing release." (*Id.* at 14–15 (emphasis in original) (quoting *Thuraissigiam*, 140 S. Ct. at 1963, 1969).) Respondents argue that since Petitioner, like the one in *Thuraissigiam*, seeks not release but an order preventing his removal, his request for relief falls outside the scope of a habeas petition. (*Id.*) In response, Petitioner maintains that Respondents' interpretation of *Thuraissigiam* is "monolithic" and "virtually unbounded." (DE 19

6

at 22.) Petitioner asserts that *Thuraissigiam* only discussed the implications of the Suspension Clause on the writ of habeas corpus as it existed in 1789 and thus does not apply to modern day writs. (*Id.* at 24–25.) Petitioner also maintains that *Thuraissigiam* does not apply here because, unlike the petitioner in *Thuraissigiam*, he has substantial connections to the United States and does not seek judicial intervention into the administrative adjudication of claims. (*Id.* at 27–35.) From this Court, he sought only an order to prevent the government from removing him from the country in the interim. (*Id.*)

In *Thuraissigiam*, the petitioner was apprehended shortly after crossing the border into the United States and was placed into expedited removal proceedings. 140 S. Ct. at 1967. He requested asylum and was given a credible-fear interview. *Id.* The asylum officer determined that the petitioner lacked a "credible fear of persecution." *Id.* at 1968. A supervising officer agreed, and an IJ affirmed those officers' findings. *Id.* The petitioner then filed a habeas petition in federal court. In it, he argued that application of 8 U.S.C. § 1252(e)(2), which limits a federal court's review of the determination that an individual lacks a credible fear of persecution, violated the Suspension Clause. *Id.* at 1966, 1968. The Court stressed the particular relief that the petitioner sought: "a writ of habeas corpus, an injunction, or a writ of mandamus directing [the Department] to provide [him] a new opportunity to apply for asylum and other applicable forms of relief. ... His petition made no mention of release from custody." *Id.* at 1968 (internal quotation marks and citation omitted) (alterations in original).

The Suspension Clause was of no assistance to the petitioner, the Court held, because the relief the petitioner sought was not habeas relief. "[H]abeas is at its core a remedy for unlawful executive detention." *Id.* at 1970–71. Petitioner, however, did not seek the habeas relief of release from illegal custody; he sought to remain in the United States rather than be sent somewhere else.

*Id.* Such requests, the Supreme Court held, are "so far outside the 'core' of habeas" that they "may not be pursued" through a habeas petition. *Id.* at 1971. The Court declined to recognize that "any habeas writ guaranteed by the Suspension Clause permits a petitioner to obtain relief that goes far beyond the 'core' of habeas as a 'remedy for unlawful executive detention.'" *Id.* at 1975 (quoting *Munaf v. Geren*, 553 U.S. 674, 692 (2008)).

*Thuraissigiam* distinguished the Court's prior holding in *INS v. St. Cyr*, 533 U.S. 289 (2001). In *St. Cyr*, the Court held that "[b]ecause of [the Suspension] Clause, some 'judicial intervention in deportation cases' is unquestionably 'required by the Constitution.'" *Id.* at 300. But the Court was careful to explain that "this statement in *St. Cyr does not signify approval* of [the *Thuraissigiam* petitioner]'s very different attempted use of the writ, which the [*St. Cyr*] Court did not consider." *Thuraissigiam*, 140 S. Ct. at 1981 (emphasis added). Thus, *Thuraissigiam* can be reasonably read as holding that where a petition does not seek habeas relief—release from custody—its denial does not suspend the availability of the writ of habeas corpus.

At least three Courts of Appeals have applied *Thuraissigiam* to bar petitioners' reliance on the Suspension Clause to preserve a district court's habeas jurisdiction over claims for relief other than "simple release" from unlawful detention.

In *E.F.L. v. Prim*, the petitioner, like Ivan A. here, asked the district court to enjoin the government from removing her from the United States while the United States Citizenship and Immigration Services ("USCIS") adjudicated her application for relief from removal under the Violence Against Women Act. No. 20-1200, 2021 WL 244606, at *1 (7th Cir. Jan. 26, 2021). The district court dismissed the petition for lack of jurisdiction *Id.* The Seventh Circuit affirmed, citing *Thuraissigiam*, and held that the Suspension Clause is inapplicable when a petitioner does not contest the lawfulness of her restraint or seek release from custody, but instead "'vies for her right

to remain [in the United States] or to obtain administrative review potentially leading to that result.'" *Id.* at *5 (quoting *Thuraissigiam*, 140 S. Ct. at 1969).

The U.S. Courts of Appeals for the Ninth and First Circuits have reached similar conclusions. In *Huerta-Jimenez v. Wolf*, the Ninth Circuit held that "where petitioner 'does not want simple release but, ultimately, the opportunity to remain lawfully in the United States' the relief requested falls outside the scope of the writ and the Suspension Clause argument fails." 830 F. App'x 857, 858 (9th Cir. 2020) (quoting *Thuraissigiam*, 140 S. Ct. at 1969–71). And, in *Gicharu v. Carr*, the First Circuit held that "the Suspension Clause is not implicated where . . . the relief sought by the habeas petitioner is the opportunity to remain lawfully in the United States' rather than the more traditional remedy of simple release from unlawful executive detention." 983 F.3d 13, 20 (1st Cir. 2020) (quoting *Thuraissigiam*, 140 S. Ct. at 1969).

The Third Circuit has not rendered a holding on point. In *Tazu v. Attorney Gen. United States*, 975 F.3d 292 (3d Cir. 2020), however, it recognized the implications of *Thuraissigiam* for the available scope of district court habeas relief. The main issue in *Tazu* involved the "funneling" provisions, 8 U.S.C. § 1252(g) and (b)(9), which strip the district courts of jurisdiction over removal-related decisions and require that such challenges be brought *via* a petition for review by the Court of Appeals. Such an appeal, *Tazu* held, was an adequate substitute for the traditional writ of habeas corpus, so the jurisdiction-stripping provisions would not run afoul of the Suspension Clause. At any rate, the Court observed in dictum, the case probably would not have implicated habeas relief at all: "[The petitioner]'s constitutional right to habeas likely guarantees him no more than the relief he hopes to avoid—release into 'the cabin of a plane bound for [Bangladesh].'" *Tazu*, 975 F.3d at 300 (quoting *Thuraissigiam*, 140 S. Ct. at 1970) (alteration in original). That

9

language suggests that the Third Circuit, directly presented with the question, would view *Thuraissigiam* much as the First, Seventh, and Ninth Circuits did.

Petitioner attempts to distinguish *Thuraissigiam,* suggesting that it analyzed the Suspension Clause in relation to "'the writ [of habeas corpus] as it existed in 1789,' when the Constitution was first adopted." *Thuraissigiam*, 140 S. Ct. at 1969 (quoting *St. Cyr*, 533 U.S. at 301). There was no suggestion, however, that the Supreme Court's formulation of the core function of habeas was intended as a mere historical observation. As support for its view of habeas jurisdiction, for example, *Thuraissigiam* cited *Munaf*, a 2008 case in which the Court held that "[h]abeas is at its core a remedy for unlawful executive detention" and that requests for relief other than "simple release" are not appropriately raised in a habeas petition. *Thuraissigiam*, 140 S. Ct. at 1969–71 (internal quotation marks and citations omitted).

*Thuraissigiam,* decided after I entered the stay in this case, renders that stay invalid. Habeas relief is release from custody. To deny *another* form of relief, such as a stay of removal, is not to deny habeas, and therefore the Suspension Clause is not implicated. What Petitioner sought (and received) here was not release from custody, but a stay of removal pending adjudication of his appeal to the BIA.[3] Denial of such a stay is not a suspension of the writ of habeas corpus. This Court was emboldened to disregard the statutory jurisdiction-stripping provisions only on the

---

[3]    In his opposition to Respondents' motion, Petitioner attempts to recharacterize his request for relief as "release from *custodial* removal." (DE 19 at 4, 15 (emphasis added).) But the relief Petitioner seeks, however characterized, is still a stay of removal, and the Court lacks jurisdiction to grant it. Petitioner does not challenge the legality of custody as such, but seeks to stay the execution of a removal order. Petitioner suggests the possibility of other applications, such as a motion to amend his petition. The Court cannot consider any such application unless and until the matter is remanded from the Court of Appeals.

Petitioner, in a supplemental letter (DE 21), also proffers that Due Process is a separate constitutional command, which could also overrule the statutory jurisdiction-stripping provisions. I see no indication, however, that the administrative procedures, capped by BIA review and subject to ultimate review by the Court of Appeals, are inadequate, or that the petitioner has been denied the benefit of them.

theory that it acted pursuant to a higher constitutional command. *Thuraissigiam* has put paid to that theory. If the case is remanded, then, I would vacate the stay.

## IV.    CONCLUSION

For the reasons stated above, Respondents' motion for an indicative ruling pursuant to Rule 62.1 (DE 16) is GRANTED. Under Rule 62.1(a)(3), I hereby indicate that if the Third Circuit were to remand this matter, I would vacate and dissolve the Court's April 13, 2020 Order staying removal. An appropriate Order follows.


DATED: March 8, 2021

                                                    /s/ Kevin McNulty
                                            _____
                                                    KEVIN MCNULTY
                                                    United States District Judge